## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>            Plaintiff,          )<br>                                )<br>vs.                              )<br>                                )<br>OMAR SINHUE CEBREROS,  )<br>            Defendant       )<br>                                ) | Case No. 23-CR-10074-1-JWB |

## DEFENDANT'S SENTENCING MEMORANDUM

### PROCEDURAL BACKGROUND

Omar Cebreros was indicted on November 28, 2023. In the indictment Omar was charged with Conspiracy to Possess with the Intent to Distribute Cocaine, Possession with the Intent to Distribute Cocaine, Conspiracy to Possess with the Intent to Distribute Fentanyl, Possession with the Intent to Distribute Fentanyl, Conspiracy to Possess with the Intent to Distribute Methamphetamine and Possession with the Intent to Distribute Methamphetamine. Following negotiations with the government, Omar plead guilty to one count of Possession with Intent to Distribute Methamphetamine.

The negotiations consisted of an agreement that the government would dismiss the remaining charges and not file any additional charges arising out of the facts forming the basis of the indictment. Additionally, the government would recommend a sentence at the low end of the guideline range and defense would be free to move for an additional departure or variance. Finally, the government would recommend a two-level reduction for acceptance of responsibility and move for an additional one-point reduction if the defendant scored an offense level of 16 points or higher for timely notification of an intent to plea.

### LEGAL STANDARD

18 U.S.C. § 3553 (a) requires the Court to "*impose a sentence sufficient, but not greater*

1

*than necessary*" to achieve the goals laid out in Subsection (a) (2).  Subsection (a) (2) states that a sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide appropriate correctional treatment to the defendant.

In determining a "sufficient" sentence, the statute requires the Court to consider several factors. *"(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed [to accomplish the goals set out in (a)(2)]; (3) the kinds of sentence available; (4) the sentencing ranges established . . . in the guidelines; (5) any pertinent policy statement . . . issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense."* 18 U.S.C. § 3553 (a). The Sentencing Guidelines no longer provide mandatory sentencing ranges.  Instead, they are only one factor to be considered in determining the sufficiency of a sentence.  Gall v. United States, 552 U.S. 38, 46 (2007).

The Court must "*consider all of the § 3553(a) factors*" and "*make an individualized assessment based on the facts presented.*" Gall at 49-50.  The Court must also explain how the facts relate to the purpose of sentencing.  Id. at 53-60; Pepper v. United States, 562 U. S. 476 (2011). The Court's "overarching" duty is to '*impose a sentence sufficient, but not greater than necessary*' to accomplish the goals of sentencing." Id. at 491-492.

As always, it remains "*uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.*" Koon v. United States, 518 U.S. 81, l13 (2007) (superseded by statute on other grounds).  Likewise, *"[i]n imposing a sentence, neither the district court nor*

2

*the parties are to focus on the "reasonableness" of the sentence, but rather on the sentence's ability to accomplish the sentencing purposes in 3553 (a)."* United States v. Bolds, 511 F.3d 568, 578 (6th Cir. 2007).

## ARGUMENT

After considering the circumstances of the offense and Omar's characteristics as discussed below, defense is requesting that the court impose a sentence at the low end of the guideline range by imposing a 57-month sentence. The circumstances which led Omar to engage in this criminal conduct warrant consideration by the court prior to sentencing.

*Prior employment*.

During his adult life Omar worked at several different jobs. Specifically, Omar was previously employed at a sewing factory, washed cars, sold ice cream, worked in a restaurant, drove bus, and worked in a Pepsi factory. In 2007 he began his current career as a commercial truck driver. Omar obtained a work visa through his trucking company so that he was able to work legally within the United States hauling goods across the country by semi-truck. Prior to this incident Omar worked hard to support his family and led a law-abiding life.

*Circumstances which led to the crime of conviction*.

Prior to the trip which resulted in the crime of conviction, Omar was approached by men he did not know when he when he was in Tijuana. He was told by these men to pick up drugs in Los Angeles on his next semi-truck trip.

Omar had been asked to transport drugs for the cartels in the past but had refused. During the latest incident in Tijuana the men who approached Omar were more forceful in their request. Specifically, these men indicated that they knew where Omar's children were and identified them by name. Omar took this as a threat and believed that if he did not comply his children would be killed. While Omar was told that he would be

3

paid for hauling the drugs he believes he never would have received payment. As Omar suggests it would be more efficient and cheaper for the cartel to kill him than pay him for the transport. According to Omar his situation is a common one wherein a trucker from Mexico is either paid very little or threatened so that they transport drugs for the cartel.

*Future plans.*

Despite the difficult road that Omar will face in prison he has begun to make plans for the future. Upon his release from prison Omar plans to return to Mexico and drive a passenger bus. Omar believes that by driving bus it will be less likely that he is placed in the situation he faced when being asked to transport drugs for the cartel in the fall of 2023.

Finally, Omar asks that the court consider that his children need his emotional and financial support. Ultimately, while Omar made the choice to distribute a significant amount of drugs, he was placed in a situation wherein he felt for his children's sake that he had no choice.

## CONCLUSION

After considering all factors, including the information in the presentencing report, Omar Cebreros would respectfully request that the Court impose a 57-month sentence.

s/ Jeremy D. Koop
Jeremy D. Koop, #24581
Koop Law Firm, LLC
445 N. Waco
Wichita, Kansas 67202
Ph: (316) 512-2820
Fax: (316) 831-9206
jeremy@thekooplawfirm.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2024, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send a notice of the electronic filing to each counsel of record.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none

s/ Jeremy D. Koop
Jeremy D. Koop, #24581
Koop Law Firm, LLC
445 N. Waco
Wichita, Kansas 67202
Ph: (316) 512-2820
Fax: (316) 831-9206
jeremy@thekooplawfirm.com
Attorney for Defendant
